PER CURIAM:
Claimant brought this action for property damage which occurred as a result of her fence being struck by a boulder adjacent to U.S. Route 19 in Clarksburg, Harrison County. U.S. Route 19 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 3:00 p.m to 5:00 p.m. on February 6, 2004, a rainy day. U.S. Route 19 is a two-lane road at the area of claimant’s property. Ms. Sommerville returned home to find a large boulder lying against the fence in front of her residence. Claimant was not sure from where the boulder came. Across the street from her house is a grassy area that slopes up to a wooded area. Claimant’s fence sustained damage totaling $956.62.
The position of the respondent was that it did not have notice of any rocks or rock falls on U.S. Route 19. Mr. John Barberio, Highway Administrator for respondent in Harrison County, testified that he had never received any complaints of rock falls in this area ofU. S.Route 19. He also stated that to his knowledge there had never been any problems with rock slides in this area. Mr. Barberio also stated that in a municipality respondent only maintains state highways from curb to curb. Respondent maintains that there was no prior notice of any rocks or rock falls near claimant’s residence on U.S. Route 119 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous conditionposing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
*174 In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on U.S. Route 19 in Harrison County. The evidence failed to establish that respondent had actual or constructive knowledge of the potential for rock falls in this area. There was no evidence presented to establish where this boulder came from and the Court will not speculate as to where the boulder came from. There is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.